**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- **X**

LEO CHAD LAWRENCE,

                *Plaintiff*,

      -against-                             **Case No: 17-cv-10250**

CURRY SHACK, CORP.d/b/a Kurry Pavilion,
7714 ENTERTAINMENT, CORP.
d/b/a Vanity Gentlemen's Lounge,
and SALIH PEKIC,

                *Defendants*.

---------------------------------------------------------------- **X**

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 41(b)</u>

**ROSENFELD & KAPLAN, LLP**
Attorneys for Defendants
1180 Avenue of the Americas
Suite 1920
New York, New York 10036
(212) 682-1400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................iii-iv

PRELIMINARY STATEMENT...................................................................................1

SUMMARY OF FACTS ALLEGED IN THE COMPLAINT...........................................1

SUMMARY OF FACTS ALLEGED IN THE COUNTERCLAIMS...............................2

SUMMARY OF PROCEDURAL FACTS.....................................................................4

ARGUMENT..............................................................................................................5

    I.     THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE
          PURSUANT TO FRCP 41(B) FOR FAILURE TO
          PROSECUTE..................................................................................................5

          a.  DURATION OF PLAINTIFF'S
              FAILURES.................................................................................................6

          b.  NOTICE TO PLAINTIFF..........................................................................7

          c.  PREJUDICE TO DEFENDANT.................................................................8

          d.  INTEREST OF COURT AND PLAINTIFF'S DUE PROCESS
              RIGHTS...................................................................................................10

          e.  EFFICACY OF LESSER
              SANCTIONS............................................................................................11

CONCLUSION..........................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

Barker v. Smith
    No. 16-CV-0076 (NSR) (PED), 2018 WL 3300711 (S.D.N.Y. May 1, 2018)...............8, 9

Chira v. Lockheed Aircraft Corp.
    634 F.2d 664 (2d Cir. 1980)................................................................................6

Crawn v. Town of Wallkill
    No. 07-CV-1032 (GAY), 2013 WL 3227216 (S.D.N.Y. June 26, 2013) .......................7, 9

Dodson v. Runyon
    957 F. Supp. 465 (S.D.N.Y. 1997) ..........................................................6, 9, 10

Feurtado v. City of New York
    225 F.R.D. 474 (S.D.N.Y. 2004) ..........................................................6, 7, 8, 10

Hedvat v. Rothschild
    175 F.R.D. 183 (S.D.N.Y.1997) ......................................................................7

Hines v. City of New York
    No. 12-CV-3687 (RRM) (VMS), 2014 WL 347438 (E.D.N.Y. Jan. 30, 2014) ............ 9-12

Jenkins v. City of New York
    176 F.R.D. 127 (S.D.N.Y. 1997) ......................................................................6

Lediju v. New York City Dep't of Sanitation
    173 F.R.D. 105 (S.D.N.Y.1997) .....................................................................10

Lukensow v. Harley Cars of New York
    124 F.R.D. 64 (S.D.N.Y.1989) .......................................................................10

Patterson v. Newspaper & Mail Deliverers' Union of New York & Vicinity
    884 F. Supp. 869 (S.D.N.Y. 1995) .....................................................................5

Romandette v. Weetabix Co.
    807 F.2d 309 (2d Cir.1986)..........................................................................8, 9

Rubin v. Abbott Labs
    319 F.R.D. 118 (S.D.N.Y. 2016) ....................................................................11

Sheinbrot v. Pfeffer
    954 F. Supp. 555 (E.D.N.Y. 1997) ....................................................................6

Streetbrains.com, LLC v. Lyris, Inc.
    No. 09-CV-1980 (SAS), 2011 WL 1483967 (S.D.N.Y. Apr. 18, 2011) ..........................10

Thornton v. Moroney
    No. 13-CV-8912 (ER), 2014 WL 2805236 (S.D.N.Y. June 20, 2014)...............................8

West v. City of New York
    130 F.R.D. 522 (S.D.N.Y.1990) ......................................................................................11

## PRELIMINARY STATEMENT

Defendants Curry Shack, Corp. d/b/a Kurry Pavilion ("Curry Shack"), 7714 Entertainment, Corp. d/b/a Vanity Gentlemen's Lounge ("7714 Entertainment"), and Salih Pekic ("Pekic") (collectively, the "defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed in this action by plaintiff Leo Chad Lawrence ("plaintiff" or "Lawrence") for failure to prosecute pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b).

The plaintiff, an alleged former employee of the defendants, brings this action against the defendants for alleged failure to properly compensate Lawrence pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Codes, Rules and Regulations ("NYCRR"). In response to the claims asserted against it, defendant Curry Shack, in its answer asserted several counterclaims against plaintiff, specifically for conversion, fraud, unjust enrichment, money had and received, and an action pursuant to the faithless servant doctrine.

As set forth below, plaintiff has failed to promptly pursue the claims made in his Complaint, has failed to defend the counterclaims against him, and has failed to follow an Order of this Court dated December 1, 2018, (the "Order") instructing Lawrence to either (i) appear by new counsel; or (ii) appear *pro se* on or before December 31, 2018; failure of which would permit defendants to move to have the instant case dismissed.

## SUMMARY OF FACTS ALLEGED IN THE COMPLAINT

This action arises out of alleged employment between Lawrence as employee and defendants as employer. Plaintiff alleges that from on or about November 1, 2015 until August 7, 2017, he was employed by the defendants to work as a manager of the restaurant operated by

1

Curry Shack, Corp, Kurry Pavilion, located at 430 Third Avenue, New York, NY 10016.

Complaint ¶ 33. Lawrence alleges that he worked fifteen (15) hours per day seven days per

week, totaling approximately one hundred and five (105) hours per week and was allegedly

promised compensation in the amount of one thousand two hundred ($1,200) for this work.

Complaint ¶ 35-37. The Complaint alleges that the $1,200 was to be paid by Curry Shack.

Complaint ¶ 37. Lawrence further alleges that he was promised an additional sum of three

hundred ($300) dollars for each week that he delivered food from Kurry Pavilion to Vanity

Gentlemen's Lounge, which was to be paid by defendant 7714. Complaint ¶ 37.

Specifically, plaintiff alleges that Curry Shack failed to pay plaintiff in the amount of

twenty-six thousand dollars ($26,000.00) for the time period of March 6, 2016 to August 7, 2016

and failed to pay plaintiff in the amount of eight thousand four hundred dollars ($8,400.00) for

the time period of September 19, 2016 to November 6, 2016. Complaint ¶ 40. Lawrence also

alleges that defendant 7714 Entertainment failed to pay him five thousand one hundred dollars

($5,100.00) for the period of November 1, 2016 to February 26, 2017. Complaint ¶ 40.

In addition to the alleged failure to properly compensate Lawrence, he also alleges that

the defendants failed to provide him with written notice of his rate(s) of pay or wage statements

as required by law.

Based on the foregoing, plaintiff asserts various causes of action seeking damages,

unpaid wages and unpaid overtime wages. Complaint ¶ 42-57.

## SUMMARY OF FACTS ALLEGED IN THE COUNTERCLAIMS

Defendants not only denied the material allegations of the Complaint, but defendant

Curry Shack also asserted several counterclaims against Lawrence arising out of his fraudulent

conduct and looting of Curry Shack's bank account. Because Lawrence had been entrusted with

2

and responsible for complete operation and control of the Kurry Pavilion restaurant as its

General Manager, Mr. Pekic gave Lawrence a debit card associated with Curry Shack's J.P.

Morgan Chase N.A. bank account (the "Account"). Counterclaims ¶ 17. Pekic advised Lawrence

that he was to use the debit card associated with the Account for business purposes only,

including but not limited to, the purchase of food and supplies for the restaurant. Counterclaims ¶

18. Lawrence was to use the debit card for these business purposes only. Counterclaims ¶ 19. In

addition to the debit card, Lawrence was also given access to check books associated with the

Account. Counterclaims ¶ 20. At no time during the duration of his employment with Curry

Shack was Lawrence a signatory on the Account or authorized to use it for non-business

purposes. Counterclaims ¶ 21. Notwithstanding, while working as the General Manager of Kurry

Pavilion, Lawrence impermissibly withdrew approximately $350,000.00 from the Account.

Counterclaims ¶ 22. Lawrence accomplished this by fraudulently representing himself to Chase

tellers as Salih Pekic, the authorized signatory on the account and by fraudulently endorsing

checks represented to be employee wages. Indeed $324, 536.00 of the $350,000.00 was

withdrawn via physical withdrawals from Chase branches. Counterclaims ¶ 23. In order to

accomplish this scheme, Lawrence filled out withdrawal slips, presented the debit card, provided

the PIN and represented himself to tellers at Chase as being Salih Pekic. Counterclaims ¶ 24.

In or about January 2017, Pekic became aware that several vendor invoices were past

due, and similarly, at or around the same time, Pekic also became aware that the Account had a

negative balance and had had a negative balance for several months prior. Counterclaims ¶ 28. It

was at this time that Lawrence was divested of the debit card and instructed to cease withdrawing

funds from the Account. Counterclaims ¶ 29-30. Despite having turned over the debit card and

having been instructed to discontinue all withdrawals, Lawrence continued to loot the Account

3

by writing checks to employees, falsely endorsing them on behalf of the employee, and cashing them – all while purporting to be the employee named on the check. Counterclaims ¶ 31.  Over a period of four months, Lawrence withdrew approximately $13,580 from the Account by way of fraudulently endorsing checks. Counterclaims ¶ 32.

Based on the foregoing, defendant Curry Shack asserted various causes of action seeking damages, for fraud, conversion, money had and received, unjust enrichment, and an action under the faithless servant doctrine. Complaint ¶ 42-75

Moreover, as a direct result of Lawrence's fraud, unbeknownst to Curry Shack, a number of Kurry Pavilion's employees did not receive their earned wages. Counterclaims ¶ 34. These actions precipitated a lawsuit being filed by Kurry Pavilion employees in the United States District Court Southern District of New York for non-payment of wages, entitled Ghale v. Curry Shack, Corp, et al., 17-CV-06772 (CM) (the "Ghale Action").

## SUMMARY OF PROCEDURAL FACTS

Plaintiff has delayed this litigation at every step, and as of late has completely failed to prosecute the claims contained in the Complaint. Although the parties were successful in exchanging written discovery, plaintiff became extremely difficult thereafter when attempting to schedule depositions. Defendants' counsel sent an initial Notice of Deposition to Lawrence on June 27, 2018. A copy of the June 27, 2018 Notice of Deposition is annexed to the Rosenfeld Declaration as Exhibit A. Thereafter, defendants' counsel sent a second Notice of Deposition to Lawrence on August 28, 2018, scheduling Lawrence for a deposition on September 12, 2018 – a date which was agreed upon by all counsel. A copy of the August 28, 2018 Notice of Deposition is annexed to the Rosenfeld Declaration as Exhibit B. However, shortly after the August 28, 2018 Notice was sent, plaintiff reneged and made himself unavailable, never to confirm a

4

mutually agreeable date for depositions to take place. Copies of e-mail correspondence regarding deposition scheduling are annexed to the Rosenfeld Declaration as Exhibit C.

Further, in order avoid duplicative discovery, plaintiff was invited to attend depositions in the related Ghale Action. Plaintiff, through counsel, rejected every single invitation to be present for an opportunity to cross-examine witnesses to defend himself from the counterclaims alleged by Curry Shack in the instant action. his defense . Copies of email correspondence regarding Ghale Action depositions are annexed to the Rosenfeld Declaration as Exhibit D.

What is more, it was not only with defendants' counsel with whom plaintiff became uncooperative, but it is the understanding of defendants' counsel that plaintiff's own counsel encountered major communication difficulties with Lawrence, resulting in plaintiff's counsel making a motion to be relieved as counsel. See D.E. 34. Plaintiff failed to submit any opposition to his counsels' application to withdraw and also failed to appear at the November 30, 2018 conference regarding the same. Accordingly, this Court granted plaintiff's counsels' motion to withdraw as counsel. See December 1, 2018 Order, annexed to the Rosenfeld Declaration as Exhibit E. In the Order, this Court stated that "plaintiff *must* appear before the Court by new counsel or pro se by December 31, 2018…If the plaintiff does not indicate by December 31, 2018 that he is proceeding with counsel or pro se, the defendants can move to have the case dismissed." Indeed, the December 31, 2018 deadline has since lapsed and plaintiff has neither appeared by counsel or indicated an intention to appear pro se.

## **ARGUMENT**

## I.     **THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE PURSUANT TO FRCP 41(b) FOR FAILURE TO PROSECUTE**

"FRCP 41(b) permits a court, upon motion of a defendant, to dismiss any action that a plaintiff fails to prosecute diligently." Patterson v. Newspaper & Mail Deliverers' Union of New

York & Vicinity, 884 F. Supp. 869, 873 (S.D.N.Y. 1995). In evaluating a motion to dismiss under Rule 41(b), a court is guided by five factors: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and (5) the efficacy of lesser sanctions." Patterson, 884 F. Supp. at 873; see also Dodson v. Runyon, 957 F. Supp. 465, 469 (S.D.N.Y. 1997), aff'd, 152 F.3d 917 (2d Cir. 1998); see also Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004). Importantly, involuntary dismissals under Rule 41(b), generally result in dismissal *with* prejudice Sheinbrot v. Pfeffer, 954 F. Supp. 555, 559 (E.D.N.Y. 1997) (emphasis added).

### A.  Duration of Plaintiff's Failures

In evaluating a motion to dismiss for failure of the plaintiff to prosecute, the duration factor is of limited significance where a party deliberately disobeys court orders. Feurtado, 225 F.R.D. at 478. "In such an instance, the impetus for dismissal derives from the willfulness of the party's actions rather than the time period that has elapsed as a result of those actions." Id. Thus, while a delay may be of a "short" duration, dismissal is still proper if the plaintiff has willfully failed to comply with court orders during the course of the action. Id. at 479. Dismissal under Rule 41(b) is similarly appropriate where the delay is "attributable solely to the plaintiff's disappearance" Jenkins v. City of New York, 176 F.R.D. 127, 129 (S.D.N.Y. 1997) (dismissal was warranted where plaintiff failed to contact the Court, his attorney or opposing counsel).

Here, defendants have been unable to complete discovery due to plaintiff's failure to cooperate for at least six months. Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-67 (2d Cir. 1980) (failure to take any action during six-month period justified dismissal under Rule 41(b)). Plaintiff also failed to appear at or oppose his own counsels' motion to withdraw.

6

As indicated by plaintiff's counsel in both their moving papers and at the November 30, 2018 hearing, plaintiff's counsel has been unable to communicate with plaintiff regarding this action. See Pltf. MOL pg. 7. Most importantly, plaintiff willfully disobeyed the Order of this Court directing him to either retain new counsel or appear pro se, on or before December 31, 2018.

In Feurtado v. City of New York, dismissal with prejudice for failure to prosecute was warranted where plaintiff failed to comply with discovery requests, failed to appear for a deposition, failed to respond to various motions, and even failed to oppose defendants' request that the case be dismissed for failure to prosecute. 225 F.R.D. 474, 477 (S.D.N.Y. 2004). The similar behavior exhibited by Lawrence in this case, i.e. failure to schedule depositions, failure to oppose counsel's application to withdraw as counsel, and plaintiff's blatant disregard for the December 1, 2018 Order of this Court, likewise, warrants dismissal with prejudice for failure to prosecute.

## B.  Notice to Plaintiff

"[T]he adequacy of notice to a plaintiff that his action may be dismissed, turns on whether the plaintiff received notice that 'further delays would result in dismissal.'" Feurtado 225 F.R.D. at 479–80. For example, in Crawn v. Town of Wallkill, it was held that the plaintiff was sufficiently put on notice where the courts' order stated that "his failure to appear *could* result in dismissal of his case" and the order indicating such was mailed to the plaintiff at two addresses. No. 07-CV-1032 (GAY), 2013 WL 3227216, at *2 (S.D.N.Y. June 26, 2013) (emphasis added); see also Feurtado, 225 F.R.D. at 479–80 (plaintiff properly put on notice that case could be dismissed where court orders indicated that failure to submit pre-trial materials *could* result in dismissal of case) (emphasis added); see also Hedvat v. Rothschild, 175 F.R.D. 183, 189

(S.D.N.Y.1997) (express warning to plaintiffs on two separate occasions that a failure to prosecute could result in dismissal of its claims supported dismissal pursuant to Rule 41(b)).

In the Order, as a final act as counsel, Troy Law, PLLC was directed by the Court to provide a transcript of the November 30, 2018 hearing as well as a copy of the Order to the plaintiff. The Order explicitly states that plaintiff's failure to indicate that he is proceeding with new counsel or pro se by December 31, 2018 may result in defendants bringing a motion to dismiss the action. Accordingly, plaintiff has received adequate notice that failure to comply with the Order may result in dismissal of his action.

### C. Prejudice to Defendant

Prejudice to a defendant may be presumed where there is a delay of more than six months and where a plaintiff has failed to reply to the court and/or defense counsel's attempt to reach him during that time frame. Thornton v. Moroney, No. 13-CV-8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014). As discussed above, plaintiff became unreachable by defendant's counsel in or around early July, as demonstrated by the inability to schedule depositions in the action. Moreover, as alleged in plaintiff's counsel's memorandum of law seeking to withdraw as counsel, there was also a breakdown in communication between plaintiff and his counsel. See Pltf. MOL pg. 7.

Prejudice to a defendant may also be found where a defendant's ability to defend the case may be compromised as a result of plaintiff's inaction. Barker v. Smith, No. 16-CV-0076 (NSR) (PED), 2018 WL 3300711, at *4 (S.D.N.Y. May 1, 2018), report and recommendation adopted, No. 16-CV-0076 (NSR) (PED), 2018 WL 2383147 (S.D.N.Y. May 24, 2018); cf. Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir.1986) (finding no prejudice where there was "no indication that…discovery ha[d] been made more difficult"). For instance, in Hines v.

City of New York, prejudice to a defendant was found where more than two years had passed between the events that allegedly occurred to precipitate the action. No. 12-CV-3687 (RRM) (VMS), 2014 WL 347438, at *4 (E.D.N.Y. Jan. 30, 2014). The Court there determined that "defendants are likely to suffer prejudice by the failure to preserve testimony from potential witnesses as time goes by." Id; see also Dodson, 957 F. Supp. at 470 ("This Court finds that defendant's inability to defend the instant litigation has been compromised by plaintiff's protracted delay in prosecuting his case, and that it would therefore be unfair to require defendant to have to mount a defense to plaintiff's accusations"). Similarly, a defendant may be deemed to be prejudiced where it is highly unlikely that the plaintiff will attend his deposition. Barker, 2018 WL 3300711, at *4.

Here, nearly three and a half years have elapsed since the alleged events which form the basis of plaintiff's Complaint occurred. See Hines, 2015 WL 347438, at *4. Moreover, defendants have tried on several occasions to schedule the deposition of plaintiff to no avail. See Barker, 2018 WL 3300711, at *4. The completion of discovery in this case has been totally thwarted by the unresponsiveness and lack of cooperation of plaintiff. Cf. Romandette, 807 F.2d at 312. Based on the conduct of the plaintiff, defendants' ability to adequately defend the claims against him have been severely compromised. It is apparent that "defendant has been forced to bear the expense of defending a lawsuit that plaintiff has shown no interest in pursuing." Crawn, 2013 WL 3227216, at *2. As a result, defendants have been highly prejudiced by plaintiff's failure to prosecute the instant action.

9

**D.  Interest of Court and Plaintiff's Due Process Rights**

Where a plaintiff has demonstrated that he has no serious interest in litigating his case, the Court's need for orderly case administration will be held to clearly outweigh the plaintiff's interest in continuing his case. Hines, 2014 WL 347438, at *5 (E.D.N.Y. Jan. 30, 2014) (holding that court's interest outweighed plaintiff's where plaintiff failed to appear for court conferences and failed to communicate with defendant's counsel). Importantly, it has been recognized that refusal to hire new counsel "represents a complete abdication of any intention to further prosecute" the action. Streetbrains.com, LLC v. Lyris, Inc., No. 09-CV-1980 (SAS), 2011 WL 1483967, at *2 (S.D.N.Y. Apr. 18, 2011) ("Without new counsel, any outstanding discovery could not be completed and a trial date could not be set").

Moreover, a plaintiff's due process rights have not been violated where the delay and eventual dismissal are of the plaintiff's own making. Dodson, 957 F. Supp. at 470 ("any claim that a plaintiff's due process rights were violated…cannot prevail" where the delay is the plaintiff's own making"); see also Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y.1989); Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 111 (S.D.N.Y.1997) (dismissal pursuant to Rule 41(b) warranted where "[plaintiff] has chosen not to" litigate his claim despite being "afforded every opportunity" to do so); see also Feurtado, 225 F.R.D. at 480 ("Because Feurtado has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit Feurtado's suit to remain on the Court's docket").

In the instant case, Lawrence has failed to hire new counsel or notify the court of his intention to proceed pro se. Such conduct demonstrates a complete abdication of any intention to pursue his claims any further. See Streetbrains.com, LLC, 2011 WL 1483967, at *2.

Additionally, the all delays in this action have been caused by plaintiff. Plaintiff has failed to communicate not only with defendant's counsel, but has failed to communicate with his own counsel. Plaintiff also dodged depositions at every turn and made himself unavailable. Lawrence also refused to take part in the Ghale Action depositions, again exhibiting no interest in participating in the litigation he initiated. Accordingly, since Lawrence has demonstrated that he has no serious intention of further litigating this case, under New York case law, the Court's interest in orderly case administration of its calendar outweighs Lawrence's due process rights to continue his case. See Hines, 2014 WL 347438, at *5.

### E. Efficacy of Lesser Sanctions

Where a plaintiff has demonstrated such disregard and lack of interest in litigating his claims, courts will find that sanctions other than dismissal are inappropriate. West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y.1990) ("[i]t is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as sanction for his unjustified conduct"). Indeed, where a "plaintiff has a history of willfully ignoring [court] orders, 'it is unlikely that lesser sanctions would be effective.'"  Barker, 2018 WL 3300711, at *4; Hines, 2014 WL 347438, at *4 (E.D.N.Y. Jan. 30, 2014) ("As this Court finds there is no reasonable likelihood that Plaintiff will comply with court orders in the future and the imposition of a lesser sanction is not likely to encourage compliance given the past failure to participate, any other sanction short of dismissal would likely result in prejudice to Defendants"). Further, "courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed" Rubin v. Abbott Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

As is the case here, plaintiff has willfully disregarded the Order of this Court. Similarly, plaintiff has demonstrated an utter lack of interest in continuing to litigate his claims as evidenced by his failure to depose any of the defendants, failure to sit for his own deposition, failure to attend depositions in a related over-lapping action, failure to communicate with his own counsel, failure to appear and/or oppose his counsel's motion to withdraw, and his failure to retain new counsel or indicate an intention to go forward on a pro se basis. "Defendants should not be required to continue to spend time and money addressing a complaint that Plaintiff fails to prosecute." Hines, 2014 WL 347438, at *4 (E.D.N.Y. Jan. 30, 2014). Plaintiff is also virtually unreachable, as his own counsel was unable to contact him, thus dismissal is the only adequate remedy under these circumstances.

## **CONCLUSION**

For the reasons set forth above, the Complaint should be dismissed with prejudice as against each of the defendants for plaintiff's failure to prosecute.

Dated: New York, New York
        January 17, 2018

**ROSENFELD & KAPLAN, LLP**

By:    _____
       Tab K. Rosenfeld (TR 9212)
       Adrianna R. Grancio   (AG 1228)
       1180 Avenue of the Americas
       Suite 1920
       New York, New York 10036
       (212) 682-1400
       *Attorneys for defendants*

12

As is the case here, plaintiff has willfully disregarded the Order of this Court. Similarly, plaintiff has demonstrated an utter lack of interest in continuing to litigate his claims as evidenced by his failure to depose any of the defendants, failure to sit for his own deposition, failure to attend depositions in a related over-lapping action, failure to communicate with his own counsel, failure to appear and/or oppose his counsel's motion to withdraw, and his failure to retain new counsel or indicate an intention to go forward on a pro se basis. "Defendants should not be required to continue to spend time and money addressing a complaint that Plaintiff fails to prosecute." Hines, 2014 WL 347438, at *4 (E.D.N.Y. Jan. 30, 2014). Plaintiff is also virtually unreachable, as his own counsel was unable to contact him, thus dismissal is the only adequate remedy under these circumstances.

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice as against each of the defendants for plaintiff's failure to prosecute.

Dated: New York, New York
       January 17, 2018

                                   ROSENFELD & KAPLAN, LLP

                          By:      _____
                                   Tab K. Rosenfeld (TR 9212)
                                   Adrianna R. Grancio  (AG 1228)
                                   1180 Avenue of the Americas
                                   Suite 1920
                                   New York, New York 10036
                                   (212) 682-1400
                                   *Attorneys for defendants*

12

## CERTIFICATION OF COMPLIANCE

I, Adrianna R. Grancio, hereby certify that defendants' Memorandum of Law in support of its motion to dismiss pursuant to FRCP 41(b) contains a word count of 3,633 words and complies with the formatting rules contained in the Individual Practices of Judge John G. Koeltl.

Adrianna R. Grancio (AG 1228)