```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-3-19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEO CHAD LAWRENCE,
                Plaintiff,

- against -

CURRY SHACK, CORP., ET AL.,

                Defendants.

17-cv-10250 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Leo Chad Lawrence, brings this action against the defendants – Curry Shack, Corp.; 7714 Entertainment, Corp.; and Salih Pekic – for alleged violations of the Fair Labor Standards Act and the New York Labor Law. The defendants bring several counterclaims related to the plaintiff's alleged withdrawal of approximately $350,000 in funds from a defendant's account, a substantial portion of which the plaintiff allegedly used improperly. The defendants have moved to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute the complaint. The defendants' motion is **granted**, and the plaintiff's complaint is dismissed **without prejudice.**

Represented by counsel, the plaintiff filed this action on January 2, 2018. Dkt. No. 1. On November 13, 2018, plaintiff's counsel moved for leave to withdraw as counsel for the plaintiff. Dkt. Nos. 28-30. On the same day, the Court issued an Order directing the plaintiff to show cause before the Court on November 30, 2018, why an order should not be entered allowing plaintiff's

1

counsel to withdraw as counsel. Dkt. No. 31. The Order also advised that if the plaintiff failed to respond to counsel's motion, then counsel's motion may be granted without further proceedings. Id. The plaintiff did not respond to the motion. Following a hearing held on November 30, which the plaintiff did not attend, the Court granted plaintiff counsel's motion to withdraw as counsel and advised the plaintiff that he must appear before the Court, by new counsel or pro se, by December 31, 2018. Dkt. No. 34. The Court also advised that if the plaintiff did not appear, the defendants could move to have the plaintiff's case dismissed. Id. The plaintiff did not appear as directed.

On January 18, 2019, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Dkt. No. 35. The plaintiff did not respond, and on March 14 the Court entered an Order extending the plaintiff's time to respond to the motion to March 29, 2019, and advising that if the plaintiff failed to respond, the motion may be granted on default. Dkt. No. 41. The March 29 deadline has passed and the plaintiff has not responded to the defendants' motion.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). The plaintiff has failed to comply with several orders from this Court. He did not appear on November 30, 2018, to show cause why an order should not be entered

2

permitting his counsel to withdraw. Nor did the plaintiff appear before the Court, represented by new counsel or pro se, by December 31, 2018, as instructed. After this failure to appear, the Court advised the plaintiff that he risked his case being dismissed. Moreover, the plaintiff did not respond to the defendants' motion to dismiss, even after the Court extended the plaintiff's deadline to respond and advised that, if no response were filed, the defendants' motion could be granted on default.

The plaintiff's failure to comply with the Court's orders in the preceding four months warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders. See, e.g., Gonzalez v. City of N.Y., No. 17cv1824, 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018); Ortega v. Mutt, No. 14cv09703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017); Avila v. Comm'r, No. 15cv2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016); Wingate v. Ctr., No. 12cv2134, 2014 WL 3346319, at *1 (S.D.N.Y. July 1, 2014); Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013); Varney v. C.O. Batman, No. 08cv9702, 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012).

The Court has considered various alternatives and it is clear that dismissal without prejudice is a reasonable, lesser sanction, rather than dismissal with prejudice. "[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to

3

strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." Amoroso v. Cty. of Suffolk, No. 08cv826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." Wingate, 2014 WL 3346319 at *1 (citing Reecier v. Hogan, 515 F. App'x 44 (2d Cir. 2013)); see Ortega, 2017 WL 1133429 at *2.

The defendants, however, have not moved for a default judgment granting their counterclaims. The counterclaims therefore remain, and the defendants can either pursue them or dismiss them. If the counterclaims are not pursued, then they will be dismissed without prejudice. If the counterclaims are pursued, and the plaintiff continues to fail to cooperate, then there may come a time when the counterclaims are granted on default.

The defendants' motion to dismiss the plaintiff's complaint for failure to prosecute is **granted**, and the complaint is dismissed **without prejudice**. The Clerk is directed to close Docket Number 35.

**SO ORDERED.**

**Dated:** New York, New York
April 3, 2019

John G. Koeltl
United States District Judge

4